JDN

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sidney Arruda Correa,          ) | No. CV 05-1073-PHX-DGC (CRP) |
|            Plaintiff,          ) | |
|                                ) | **ORDER** |
| vs.                            ) | |
|                                ) | |
| Thomas Long, et al.,           ) | |
|            Defendants.         ) | |
|                                ) | |

Plaintiff Jose Luis Arevalo, currently confined in the Eloy Detention Center in Eloy, Arizona, has filed a *pro se* First Amended Complaint[1] pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Doc. # 4. The Court will require an answer to the First Amended Complaint.

**A.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

---

[1] On the face of his First Amended Complaint, Plaintiff checked the box indicating that the filing was the "Original Complaint." However, Plaintiff's filing on June 7, 2005 was actually his First Amended Complaint and it is properly identified as such on the docket.

**TERMPSREF**

1  may be granted, or that seek monetary relief from a defendant who is immune from such
2  relief. 28 U.S.C. § 1915A(b)(1), (2).

3  **B.**    **Claims and/or Parties to be Served**

4  Plaintiff's Complaint concerns his medical care at the Eloy Detention Center. Plaintiff
5  names the following Defendants: Thomas Long, Warden; A. Sabal, doctor; and Patti Sell,
6  registered nurse.

7  In his Complaint Plaintiff alleges that in September 2004 Dr. Sabal placed Plaintiff on
8  a double-portion diet for three months because Plaintiff was under weight by 28 pounds.
9  Plaintiff states that Dr. Sabal informed him that at Plaintiff's height, he should weigh 180
10 pounds.  Two months later, Plaintiff saw Dr. Sabal again, and Dr. Sabal extended the
11 double-portion diet for another month because Plaintiff was still underweight.  Near the
12 end of December 2004, a medical case review meeting was held by Patti Sells concerning
13 Plaintiff's medical care.  Plaintiff contends that at this meeting Sells decided that Plaintiff
14 would be taken off of the double-portion diet. Sells instructed Dr. Sabal to take Plaintiff off
15 of the special diet, even though Plaintiff was still under weight at the time (163 pounds).
16 Dr. Sabal complied with Sells' order and discontinued the enhanced diet.  Plaintiff alleges
17 that he never did reach the proper weight of 180 pounds and since the withdrawal of the
18 double-portion diet, he began losing weight and now weighs just 147 pounds.  In addition,
19 Plaintiff states that he suffers from lack of nutrition.

20 In January 2005, Plaintiff submitted an inmate grievance form concerning the
21 withdrawal of the special diet. Plaintiff alleges that, despite his weight loss, Thomas Long,
22 the Warden, denied Plaintiff's grievance a few days after it was filed.  These allegations
23 adequately state a claim, and the Court will require an answer to the Complaint.

24 **C.**    **Rule 41 Cautionary Notice**

25 Plaintiff should take notice that if he fails to timely comply with every provision of
26 this Order, or any order entered in this matter, this action will be dismissed pursuant to
27 Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258,
28

1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS THEREFORE ORDERED that:**

(1) The Clerk of Court shall send Plaintiff a service packet including the First Amended Complaint (Doc. # 4), this Order, and both summons and request for waiver forms for Defendants Thomas Long, Dr. A. Sabal, and Patti Sells.

(2) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Rule 16.2(b)(2)(B)(i) of the Local Rules of Civil Procedure.

(4) The United States Marshal shall retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(5) The United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

    (a) Personally serve copies of the Summons, First Amended Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

      (b)   Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(6) **A Defendant who agrees to waive service of the Summons and First Amended Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(7)   Defendants shall answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(8)   Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(9)   Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendants or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(10) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(11) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(12) This matter is referred to Magistrate Judge Charles R. Pyle pursuant to Rule 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 1st day of December, 2005.

_____
David G. Campbell
United States District Judge