IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sidney Arruda Correa,<br><br>    Plaintiff,<br><br>vs.<br><br>Thomas Long, et al.,<br><br>    Defendant. | No. CV 05-1073-PHX-DGC(CRP)<br><br>**REPORT AND RECOMMENDATION** |

On April 7, 2005, Plaintiff, who was at that time incarcerated at the Eloy Detention Center in Eloy, Arizona, filed the instant *pro se* action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[1]. (Docket 1). On June 7, 2005, Plaintiff filed an Amended Complaint. (Docket 4).

**RETURNED MAIL**

On December 2, 2005, the Court entered an order directing the Clerk of the Court to mail a service packet to Plaintiff, due for return to the Court on December 22, 2005. (Docket 5). The docket indicates that the Clerk of the Court mailed service packets on December 2, 2005. On December 12, 2005, the mail was returned to the Clerk of the Court with notations

---

[1] Plaintiff filed the action pursuant to 42 U.S.C. 1983, however, the Court in it's May 12, 2005 Order (Docket 3), indicated that the "action is more appropriately brought and will be treated as an action pursuant to Bivens v. Six Unknown Federal Narcotics Agents."

1  "Return to Sender, Released." (Docket 6). Since then, Plaintiff has failed to file a Notice of
2  Change of Address, or in any way notify the Court of his whereabouts.

3  Local Rule Civil 3.4(a), Rules of Practice of the U.S. District Court for the District
4  of Arizona, requires that an incarcerated litigant comply with the instructions attached to the
5  Court-approved Complaint form. Those instructions state: "You must immediately notify
6  the clerk...in writing of any change in your mailing address. Failure to notify the court of any
7  change in your mailing address may result in dismissal of your case." (Information and
8  Instructions for a Prisoner Filing Civil Rights Complaint at 2).

9  Also, in its Notice of Assignment (Docket 2) the Court warned Plaintiff that "[f]ailure
10 to comply with the following rules will result in your document being STRUCK and/or your
11 case being DISMISSED." (Notice at 1). One of the rules listed was that "[y]ou must file a
12 Notice of Change of Address if your address changes." (Docket 2).

13 The Court in its May 12, 2005 Order notified Plaintiff that "[a]t all times during the
14 pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and the
15 United States Marshal of any change of address and its effective date...Failure to file a
16 NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure
17 to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." (Docket 3, p. 7).

18 **FAILURE TO PROSECUTE**

19 Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co.*
20 *v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir.1978). In this regard, it is the
21 duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her
22 current address and to comply with the Court's orders in a timely fashion. This Court does
23 not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears
24 the burden of keeping the court apprised of any changes in his mailing address." *Carey v.*
25 *King*, 856 F.2d 1439, 1441 (9th Cir.1988). Plaintiff's failure to keep the Court informed of
26 his new address constitutes failure to prosecute.

27 Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
28 plaintiff to prosecute or to comply with these rules or any order of court, a defendant may

move for dismissal of an action." The U.S. Supreme Court has recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962). Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of his case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 *quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir.1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address or to actively participate in this case prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. In the instant case, as in *Carey*, "[a]n order to show cause why dismissal...[is] not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

Only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed without prejudice pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure.

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court Judge dismiss this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Procedure for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CV 05-1073-PHX-DGC.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.)(*en banc*), *cert. denied*, 540 U.S. 900 (2003).

DATED this 17th day of May, 2006.

_____
**CHARLES R. PYLE**
UNITED STATES MAGISTRATE JUDGE